(Reap. Dec. 9282)

J. B. BERNARD & COMPANY, INC. v. UNITED STATES

Entry No. 389, etc.

(Decided December 29, 1958)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," attached hereto and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the market value or the price at the time of exportation to the United States of the merchandise covered by the appeals for reappraisement enumerated on Schedule

A, hereto attached and made a part hereof, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was the appraised value less the amount added to meet advances by the appraiser in similar cases, and that there was no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED that the issue is the same as in United States v. Nelson Bead Company, 42 C. C. P. A. (Customs) 175, C. A. D. 590, and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement are submitted on this stipulation.

In the cited case, our appellate court held that a buying commission paid to a commissionaire for services rendered in connection with the purchase, packing, and shipping of the merchandise was not part of statutory export value.

On the stipulated facts, as hereinabove set forth, and following the cited authority on the law, I find that the proper basis for appraisement of the merchandise covered by these appeals for reappraisement is export value, as defined in section 402 (d) of the Tariff Act of 1930, and hold that such statutory value for the merchandise is in each instance the appraised value, less the amount added to meet advances by the appraiser in similar cases. Judgment will be rendered accordingly.